Atkin *v.* Berry.

ATKIN *v.* BERRY & GOSSETT.

PARTNERSHIP. *Rights of partners.* One partner has no right, without the assent of the others, to bind the firm for the payment of his individual account. (Acc'd *Venable & Co.* v. *Levick Brothers,* 2 Head.)

FROM KNOX.

Appeal in error from the Circuit Court of Knox. county. E. T. HALL, J.

HENDERSON & JOUROLMAN for Atkin.

HOUK & GIBSON for Berry & Gossett.

McFARLAND, J., delivered the opinion of the court.

Atkin had an account against the firm of Berry & Gossett for $50.39. The said firm had an account against Atkin of $159.30. Atkin had an account against Gossett individually of $30.59, also an account against Berry individually of $112.41. Berry & Gossett were dealers in wood and coal. Atkin and Berry had a settlement. The individual accounts of Berry & Gossett in favor of Atkin were deducted from the account of the firm against Atkin, leaving a balance against the latter of $16; this was deducted from the account of Atkin against the firm, leaving a balance in Atkin's favor of $34.09; receipts were passed in accordance with this arrangement. Gossett, when informed of this settlement by his partner Berry, agreed

to ratify it so far as to allow his own individual account with Atkin, $30.59, the account of Atkin against his firm, $50.39, and $78.41 of Atkin's account against Berry to be set off against the account of the firm on Atkin, thereby extinguishing it.  In other words, he agreed that all of the account of the firm against Atkin might be used in paying the account of Atkin against the firm, and of his own individual account with Atkin, and as far as it would go in extinguishing Berry's account with Atkin, but objected to the settlement so far as it left a balance against the firm.  Entries were made upon the books of Berry & Gossett according to Gossett's agreement.

This suit was begun by Atkin to recover of the firm the balance of his account against it, shown by his settlement with Berry, of $34.09.  The only facts proven on the trial in addition to the foregoing which it is claimed are material, are that Atkin stated that he had an understanding with Berry that his account, which was principally for house rent, was to be paid with coal and wood, and that he directed all the orders for coal and wood to Berry alone, and Berry proved that he had, on other occasions, taken up a number of private accounts of his own due to other parties, and settled the same with accounts due the firm, and this was acquiesced in by his partner, Gossett.  This was when there was a balance in his favor with the firm, which was not the case when he settled with Atkin.  Upon these facts, under the charge of the Judge below, the verdict and judgment were for the defendants, the plaintiff has appealed.

This, we think, is, in substance, but an attempt upon the part of Atkin, with the consent of Berry but without the consent of Gossett, to charge the individual accounts of Berry to the firm of Berry & Gossett. Of course, so far as this was assented to by Gossett, there can be no objection to. it. It will be noticed that the account of the firm against Atkin was much larger than the account of Atkin against the firm, so that upon balancing these accounts the balance would be largely in favor of the firm, but by the settlement the firm was brought in debt to Atkin. Had Berry, upon this settlement, undertaken to give to Atkin the note of the firm for the balance, it would have been a fraud upon the rights of Gossett, and not obligatory upon him, according to the case of *Venable & Co.* v. *Levick Brothers,* 2 Head, 351. We see no difference in principle between this and an attempt to make the firm liable by account where no liability could arise according to the usual course of business. If Berry had the right by this settlement to bind the firm for a debt it did not owe, he could undoubtedly have given the note of the firm for its payment. The principle upon which one partner's acts binds the other is, that each partner is the agent of the other within the legitimate scope of the business. Where no such agency can be fairly implied from the nature of the contract of partnership or the scope of the business, none can exist.

But what is the effect of . Atkin's testimony that he had an understanding with Berry that his account was to be paid with coal and wood, and that he di-

rected his orders for coal and wood to Berry alone? When this agreement was made does not appear, whether before or after the liability of Berry to Atkin was contracted; if afterward, it could not strengthen Atkin's case, if indeed it could in any event, which we do not decide. Of course Berry had the right to sell the merchandize of his firm and receive the pay, if he had paid the orders of Atkin and charged them to himself there could be no objection to it, and in this way he might have accomplished the same result now attempted; but this is in effect but an effort to make the firm liable for a balance of the debt of Berry upon Berry's agreement that it should be so.

We do not think the fact that Berry had, on other occasions, taken in accounts against himself in settlements of accounts due the firm, binds the firm to the present arrangement. Such course of business was not such as to give implied authority in all other cases. In former instances it was acquiesced in because the state of accounts between the partners authorized it at the time.

The judgment will be affirmed.